IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APRIL A. SUMMERS, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-532-JJF |
| MBNA AMERICA, | : | |
| Defendant. | : | |

### MEMORANDUM ORDER

**I. BACKGROUND**

Plaintiff, who appears pro se, filed suit this employment discrimination case against Defendant MBNA America. (D.I. 1.) She sought, and was denied, in forma pauperis status based upon her annual income (i.e., $40,320). Plaintiff now seeks reconsideration of the order denying her in forma pauperis status. (D.I. 6.)

**II. STANDARD OF REVIEW**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E. D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

## III. DISCUSSION

Plaintiff asks the Court to reconsider its decision denying her in forma pauperis status on the basis that she has been denied medicaid benefits. She states that because she was denied medicaid benefits she has to pay for doctors' appointments, medications and medical testing "out of pocket" for herself and her child. Plaintiff states that her expenses outweigh her income.

Plaintiff's two children are dependent upon her for support. Her annual income is $40,320.00 or $3,360.00 per month. Attached to her motion is a listing of monthly expenses totaling $3,094.00. The Court notes that the affidavit initially filed by Plaintiff states that she does not own any real estate, yet her motion for reconsideration lists as a monthly expense a mortgage payment of $1,081.00.

Whether to grant or deny an in forma pauperis petition lies within the sound discretion of the trial court. Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985). The Court considers (1) whether Plaintiff is employed; (2) Plaintiff's annual salary; and (3) any other property or assets the Plaintiff may possess. See e.g. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948) (detailing economic standards to be employed in deciding in forma pauperis applications); United States v. Scharf, 354 F. Supp. 450 (E. D. Pa. 1973). The right to proceed in forma pauperis, particularly in pro se cases, should generally be granted where the required affidavit of poverty is filed, except in extreme circumstances. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976), (citing Lockhart v. D'Urso, 408 F.2d 354 (3d Cir. 1969).

Notably, Plaintiff's monthly income exceeds her months expenses by over $250.00. Also, Plaintiff's motion indicates that she owns real estate, a fact to did not reveal to the Court

in her affidavit seeking in forma pauperis status. Based upon Plaintiff's affidavit and motion, the $350.00 filing fee to commence an action would not impose a great hardship. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, her motion will be denied.

THEREFORE, at Wilmington this 25 day of October, 2006, IT IS ORDERED that:

1. The Motion for Reconsideration (D.I. 6) is **DENIED**.

2. Within **thirty days** from the date of this Order, Plaintiff shall pay the filing fee ($350). **Failure to timely comply with this Order shall result in dismissal of this case without prejudice.**

                                            /s/ Joseph J. Farnan
                                            UNITED STATES DISTRICT JUDGE